UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-14284-CV-CANNON/MCCABE

JODI DARGAN,

    Plaintiff,

v.

FEDERATED LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Amended Complaint ("Motion") (DE 4), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 7). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.

**I.      BACKGROUND**

This case involves a dispute over life insurance proceeds. The Court accepts the following allegations as true. At some point in the past, non-party Richard Dargan ("Decedent") purchased a life insurance policy (the "Subject Policy") from Defendant Federated Life Insurance Company ("Federated") (DE 1-6 ¶¶ 5, 7). Decedent named his then-wife, Plaintiff, as the sole beneficiary (DE 1-6 ¶ 7). Decedent and Plaintiff separated in 2011 (DE 1-6 ¶ 9). Upon separation, Decedent made a parol gift of the Subject Policy to Plaintiff, thereby making Plaintiff "both owner and beneficiary of the policy" (DE 1-6 ¶ 10). At that point, Plaintiff began to make all premium payments on the Subject Policy to Federated (DE 1-6 ¶ 11).

On August 29, 2017, Plaintiff and Decedent divorced. (DE 4-1). The divorce became final by way of a Final Judgment of Dissolution of Marriage ("Dissolution"), which was recorded in the Official Records of St. Lucie County, Florida (DE 4-1). The Court hereby takes judicial notice of the Dissolution.[1]

Following the divorce, Plaintiff continued to make all premium payments on the Subject Policy up to the date of Decedent's death on September 19, 2021 (DE 1-6 ¶ 11). Thereafter, Plaintiff timely notified Federated and filed a claim for the death benefits (DE 1-6 ¶ 12). Federated denied the claim (DE 1-6 ¶ 13).

The Amended Complaint alleges a single count against Federated for breach of contract (DE 1-6 ¶¶ 16-21). By way of this Motion, Federated seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] Federated's Motion requests the Court to take judicial notice of the Dissolution. On September 22, 2022, the Court issued a paperless order (DE 13) advising the parties of its intent to take judicial notice of this document and providing Plaintiff an opportunity to be heard pursuant to Fed. R. Evid. 201. On September 27, 2022, Plaintiff advised that she does not object to Federated's request to take judicial notice (DE 15).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Federated moves to dismiss the Amended Complaint for lack of standing. As a general rule, third-party beneficiaries have standing to bring claims for breach of contract. *See Rucker v. Integon Nat'l Ins. Co.*, No.19-cv-23422-GAYLES, 2020 WL 2616210, at *2 (S.D. Fla. May 23, 2020). Likewise, as a general rule, the named beneficiary of a life insurance policy qualifies as third-party beneficiary. *See* Restatement (Second) of Contracts § 302, *Intended and Incidental Beneficiaries* (Am. Law Inst. 1981) (listing life insurance beneficiaries as an example of intended third-party beneficiaries). Here, Plaintiff alleges Decedent designated her as sole beneficiary of the Subject Policy (DE 1-6 ¶ 7). On its face, therefore, the Amended Complaint alleges facts sufficient to show standing.

Federated nevertheless argues the claim fails because Plaintiff's designation as sole beneficiary became void on the date of her divorce by operation of Florida's revocation-on-divorce law, section 732.703(2), Florida Statutes (DE 4 at 13-14). That statute provides:

> (2) A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order. The decedent's interest in the asset shall pass as if the decedent's former spouse predeceased the decedent.

§ 732.703(2), Fla. Stat. This statute applies to, among other assets, life insurance policies. *See* § 732.703(3)(f), Fla. Stat.

Twenty-six states have adopted similar revocation-on-divorce statutes. *See Sveen v. Melin*, 138 S. Ct. 1815, 1819 (2018) (analyzing the constitutionality of Minnesota's version of its

3

revocation-on-divorce statute). These laws are premised on the notion that "the average Joe does not want his ex inheriting what he leaves behind." *Id.* As such, these statutes establish a default rule that asset designations by one spouse in favor of the other spouse become void on the date of their divorce. *Id.* If the two spouses wish otherwise, they can reverse the effect of the statute by, for example, specifying the ownership fate of their assets in a divorce agreement. *Id.* at 1820.

Florida's revocation-on-divorce statute is similar. The Florida law establishes a default rule that, as to any "interest in an asset," any "designation" made by one spouse for the benefit of the other spouse becomes void as of the date of the judicial dissolution of the marriage. *See* § 732.703(2), Fla. Stat. The statute provides numerous exceptions that allow spouses to reverse the effect of this default rule by, for example, specifying the ownership fate of their assets as part of the judicial dissolution, or re-stating asset designations following the date of the divorce. *See* § 732.703(4), Fla. Stat. (listing exceptions).

Federated argues this statute defeats Plaintiff's claim here because Plaintiff and Decedent divorced by court order dated August 29, 2017 (DE 4-1). Accordingly, Federated argues, even if Decedent previously designated Plaintiff as sole beneficiary of the Subject Policy, and even if Decedent validly transferred ownership of the Subject Policy to her in 2011, and even if Plaintiff thereafter paid all premiums up to the date of Decedent's death, her designation nevertheless became void as of the date of the Dissolution (DE 4 at 13-14). Accordingly, Federated argues, it had no obligation to pay her the death benefit as a matter of law.

The Court cannot agree. Section 732.703(2) applies only to designations made regarding a decedent's "interest in an asset." Subsection (3) specifies that the interest must exist "at the time of the [decedent's] death." *See* 732.703(3), Fla. Stat. The Court interprets the statute to mean that the "interest" must also exist *at the time of the divorce*. Thus, as to any insurance policies or other

4

assets owned by a husband at the time of his divorce, any beneficiary designations in favor of his wife would become null and void pursuant to section 732.703(2).  If the husband still owns the asset at the time of his death, "[t]he decedent's *interest in the asset* shall pass as if the decedent's former spouse predeceased the decedent."  *See* 732.703(2), Fla. Stat. (emphasis added).  The same would not be true as to assets previously owned by the husband, but no longer owned by him on the date of his divorce.  As to such assets, the statute could not logically apply because husband, at the time of his divorce, would no longer have any "interest" to "designate."  Likewise, at the time of his death, he would no longer have any "interest" to "pass."

To interpret the statute otherwise would lead to absurd results.  *See Amente v. Newman*, 653 So.2d 1030 (Fla. 1995) ("If possible, the courts should avoid a statutory interpretation which leads to an absurd result.").  Indeed, under Federated's view of the statute, section 732.703(2) could be applied to void designations made for assets no longer owned at the time of the divorce.  The Court therefore interprets section 732.703(2) to apply only to "designations" made concerning "assets" owned at the time of the divorce.

Here, Plaintiff alleges Decedent gifted her the Subject Policy years before the divorce took place, at which point Plaintiff became "both owner and beneficiary of the policy" (DE 1-6 ¶ 10).  The Court accepts this allegation as true at this stage of the case.  Because Decedent no longer owned the Subject Policy at the time of the Dissolution, he no longer had any "interest" in this asset for purposes of section 732.703(2).  As such, the statute cannot be applied to void a designation made *before* Decedent lost his "interest" in the Subject Policy.

Federated raises two additional arguments relevant to this analysis.

### A. Assignment of the Subject Policy

First, Federated argues the Amended Complaint does not allege sufficient facts to show Decedent validly transferred ownership to Plaintiff in full compliance with the terms of the Subject Policy. Federated has attached a copy of the Subject Policy as Exbibit B to its Motion and asks the Court to consider it in deciding the Motion. Plaintiff does not object.[2] *See Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) ("[W]here a document—such as an insurance policy—is central to the plaintiff's claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss, this Court may consider that document as well.").

The Subject Policy contains the following provision regarding assigning or transferring ownership:

> Assigning this Policy
>
> You *may* assign your ownership by *written request, signed by you, and filed at our Home Office.* The assignment may be absolute (all your rights transfer to the new owner) or collateral (rights transfer only to the extent of the assignee's security interest). The change in ownership will be effective on the date the notice of change is signed, subject to our receipt of the notice. It will be subject to any payment made or other action taken by us before we receive and recorded the change. We are not responsible for the validity or tax consequences of any assignment.

(DE 4-2 at 6) (emphasis added). Federated argues the Amended Complaint contains no allegations that Decedent ever made a "written request," signed by him, and filed at Federated's Home Office, to transfer ownership to Plaintiff (DE 4 at 12). As such, Federated argues, Decedent still owned the Subject Policy on the date of his divorce and Plaintiff's beneficiary designation became void by operation of section 732.703(2).

---

[2] On September 22, 2022, the Court issued a paperless order (DE 13) seeking Plaintiff's position on whether the Court could consider Exhibit B to Federated's Motion. On September 27, 2022, Plaintiff advised that she does not object (DE 15).

In response, Plaintiff points out that the assignment clause uses the word "may" rather than the words "shall" or "may only" (DE 5 at 3-4). As a matter of contract construction, Florida courts have drawn a distinction between these terms, finding "may" to be permissive and non-exclusive, and finding "shall" or "may only" to be mandatory and exclusive. *See, e.g.*, *Granados Quinones v. Swiss Bank Corp. (Overseas) S.A.*, 509 So. 2d 273, 275 (Fla. 1987) (finding in the context of a forum selection clause, the words "may" to be permissive and non-exclusive, where contract elsewhere used the terms "shall" and "may only" to denote mandatory and exclusive obligations).

Here, the assignment clause uses the word "may," but the Subject Policy elsewhere uses the words "may only" to describe other obligations, for example: "Changes *may* be made *only* by written endorsement signed by one of our senior officers" (DE 4-2 at 6) (emphasis added). Plaintiff argues the purposeful use of the word "may" in the assignment clause must be construed to describe one, but only one, of the permissive and non-exclusive methods by which a policy holder might transfer ownership of the Subject Policy. Under this construction, the assignment clause does not prohibit other methods of lawful transfer, such as transfer by parol gift, which Florida law has long permitted. *See Shannahan v. Shannahan*, 173 So. 902, 903 (Fla. 1937) ("The authorities generally sustain the doctrine that a life insurance policy may be the subject of a parol gift.").

Federated responds with its own cases — decided at the summary judgment stage — where courts found the phrase "may" to be mandatory and exclusive in the context of life insurance policy assignment clauses. *See, e.g.*, *Sun Life & Health Ins. Co. (U.S.) v. Colavito*, 14 F. Supp. 3d 176, 185 (S.D.N.Y. 2014); *Fidelity & Guar. Life Ins. Co. v. Teema*, No. 3:14-cv-00538-JHM, 2016 WL 4746219, at *2 (W.D. Ky. Sept. 12, 2016). Federated argues the word "may" has only one possible interpretation here, an interpretation leads to dismissal of the Amended Complaint.

7

At this stage of the case, the Court finds the assignment clause capable of more than one interpretation and therefore ambiguous. *See Novoneuron Inc. v. Addiction Research Inst., Inc.*, 326 F. App'x 505, 508 (11th Cir. 2009) ("A contract is ambiguous where it is susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract."). "Should a contractual term be ambiguous — that is, reasonably susceptible to more than one meaning — then a reviewing court can consider extrinsic evidence to resolve the ambiguity." *BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521, 524 (11th Cir. 2017).

As a general rule, courts should not interpret ambiguous contracts at the motion-to-dismiss stage. *See id.* ("It was improper for the district court to interpret the [ambiguous] contract when considering the motion to dismiss."); *see also Managed Care Sols., Inc. v. Cmty. Health Sys., Inc.*, No. 10-60170-CIV, 2011 WL 6024572, at *6 (S.D. Fla. Dec. 2, 2011) ("The contract section in dispute is reasonably susceptible to more than one interpretation, and thus this issue should be decided at the summary judgment stage and the motion to dismiss on this basis should be denied."); *Larach v. Standard Chartered Bank Int'l (Ams.) Ltd.*, 724 F. Supp. 2d 1228, 1239 (S.D. Fla. 2010) (denying motion to dismiss because the "parties' differing interpretations of their respective obligations under the [contract] demonstrate that this issue is not ripe for decision at the motion to dismiss stage"). For these reasons, the Court declines to interpret the assignment clause, one way or the other, at this stage of the case.

### B. Zapata

Next, Federated cites to *Zapata v. Vale Gonzalez*, No. 8:18-CV-2577-T-23AEP, 2020 WL 5534656, at *12 (M.D. Fla. Aug. 3, 2020), a case with similar facts where the court entered summary judgment against an ex-wife who made years of premium payments on a life insurance policy following an oral agreement with her ex-husband to maintain her status as primary

8

beneficiary. In that case, the court found section 732.703(2) operated to void the ex-wife's beneficiary designation, despite the ex-husband's oral agreement and despite the ex-wife's years of premium payments. *Id.*

The Court finds *Zapata* distinguishable for two reasons. First, the court decided *Zapata* on summary judgment with the benefit of a full and lengthy record. This case, by contrast, comes to the Court on a motion to dismiss. Second, the disappointed ex-wife in *Zapata* alleged her ex-husband had entered into an oral contact merely to maintain her status as primary beneficiary of the policy. *Id.* at *1. Here, in contrast, Plaintiff alleges Decedent gifted ownership of the Subject Policy to her, such that she became "both owner and beneficiary of the policy" prior to the Dissolution (DE 1-6 ¶ 10). As set for earlier, in the Court's view, ownership of the policy at the time of divorce changes the operation of section 732.703(2), Florida Statutes. While the ex-husband in *Zapapta* still owned the policy at the time of his divorce, the ex-husband here did not (accepting Plaintiff's allegations as true). As such, *Zapata* does not apply.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 4) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 28th day of September 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE